IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTONIO ALEXANDER MCGEE,

        Plaintiff,

vs.                                   Case No. 20-3059-SAC

(fnu) COLLETT, et al.,

        Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging a violation of his constitutional rights during his confinement at the Hutchinson Correctional Facility (HCF). He brings this case pursuant to 42 U.S.C. § 1983. This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).

1

Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights. Walker

2

v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations.  They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

II. Plaintiff's complaint

Plaintiff brings this action against four defendants who are identified as guards at HCF:  (fnu) Collett; A. Wilson; (fnu) Jackson; and (fnu) MacKenslee.  Plaintiff alleges that on or about February 5, 2020 he had an exchange of words with defendant Collett regarding an absence of bedding.  Plaintiff contends that defendant Collett acted unprofessionally and spoke angrily while walking away and later refused to deliver drinks and a meal to plaintiff.  He asserts that defendants Wilson and Jackson did not help with the situation.  Plaintiff states that he was deprived food for 12 hours and bedding for 16 hours.  Doc. No. 1, p. 6.  He further asserts that approximately one week later defendant MacKenslee also refused to deliver plaintiff a meal.

III. <u>The complaint does not allege a plausible claim for relief</u>.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  Plaintiff's complaint asserts violations of the Eighth Amendment, the Sixth Amendment and the Fourteenth Amendment.

The Eighth Amendment prohibits "cruel and unusual punishments."  It imposes a duty to provide "humane conditions of confinement" and to ensure "that inmates receive adequate food, clothing, shelter, and medical care, and . . . [that] 'reasonable measures [be taken] to guarantee the safety of the inmates.'" <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994)(quoting <u>Hudson v. Palmer</u>, 468 U.S. 517, 526-27 (1984)).  Two requirements must be met for an Eighth Amendment violation:  first, the act or omission must be objectively considered a denial of "'the minimal measure of life's necessities'"; and second, the action must be taken with a deliberate indifference to an inmate's health or safety. <u>Id.</u> at 834 (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981)).

Regarding the objective standard, comparable cases have held that the deprivation of meals or bedding for a limited period of time did not violate the Eighth Amendment to the Constitution. <u>Toevs v. Milyard</u>, 563 Fed.Appx. 640, 645-46 (10th Cir. 2014)(one-

4

time denial of nine consecutive meals during a three-day period); Richmond v. Settles, 450 Fed.Appx. 448, 455-56 (6th Cir.2011)(withholding seven meals over a period of six days and denial of bedding overnight does not violate the Eighth Amendment); McKinley v. CoreCivic, 2019 WL 2440807 *5 (W.D.Okla. 5/7/2019)(missing one meal does not implicate Eighth Amendment concerns); Paul v. Jones, 2019 WL 359451 *4 (M.D.Tenn. 1/28/2019)(denial of two meals, bedding for three days and clothing for four days, did not violate the Eighth Amendment); Lee v. Wagner, 2017 WL 2608752 *4 (W.D.Mich. 6/16/2017)(denial of mattress for short period); Chrisco v. Koprivnikar, 2017 WL 1344450 * 5-6 (D.Colo. 4/12/2017)(depriving a prisoner of a meal and covering up facts about the deprivation does not allege an Eighth Amendment violation or a substantive due process claim under the Fourteenth Amendment); Hollingsworth v. Daley, 2016 WL 5415781 *14 (E.D.Ky. 7/19/2016)(denial of sleeping mat for most of four days); Johnson v. Cooley, 2015 WL 1359086 *2 (E.D.Okla. 3/24/2015)(denial of one meal is not an Eighth Amendment violation); Anderson-Bey v. Dist. of Columbia, 466 F.Supp.2d 51, 63-64 (D.D.C. 2006)(denial of food for ten to fifteen hours does not state an Eighth Amendment claim).

Eighth Amendment standards may be applied to decide whether conduct "shocks the conscience" so as to violate substantive due process contrary to the Fourteenth Amendment. Lunsford v. Bennett,

17 F.3d 1574, 1583 (7th Cir. 1994)(standards are "essentially coextensive"; see also Brown v. Chandler, 111 Fed.Appx. 972, 976 (10th Cir. 2004)(same); Smith v. Romer, 1997 WL 57093 *3 (10th Cir. 1997)(same). Because plaintiff has not stated a plausible Eighth Amendment claim he has failed to state a substantive due process claim under the Fourteenth Amendment.

Plaintiff also has not alleged the denial of a liberty or property interest to support a procedural due process claim under the Fourteenth Amendment. There is no claim that plaintiff lost property. And a liberty interest cannot be established without an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 484 (1995). Plaintiff has not alleged such a hardship. Cf., McAdams v. Wyoming Department of Corrections, 561 Fed.Appx. 718, 721-22 (10th Cir. 2014)(placement in administrative segregation for more than two years is not an atypical and significant hardship); Rezaq v. Nalley, 677 F.3d 1001, 1013 (10th Cir. 2012)(extreme conditions in administrative segregation do not, on their own, constitute an atypical and significant hardship when compared to the ordinary incidents of prison life).

The Sixth Amendment protects certain trial rights such as the right to an impartial jury, the right to confront witnesses, and the right to counsel. Plaintiff does not allege facts which bear upon the rights guaranteed by the Sixth Amendment.

IV. Conclusion

For the above-stated reasons, it appears that plaintiff's complaint fails to state a claim.  The court shall grant plaintiff time until September 3, 2020 to show cause why his complaint should not be dismissed or in the alternative to file an amended complaint which corrects the deficiencies discussed herein.  An amended complaint would supersede the original complaint and must contain all of the claims upon which plaintiff wishes to proceed.  An amended complaint should not refer back to a previous complaint.

**IT IS SO ORDERED.**

Dated this 7th day of August 2020, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge

7