IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTONIO ALEXANDER MCGEE,

    Plaintiff,

vs.           Case No. 20-3059-SAC

(fnu) COLLETT, et al.,

    Defendants.


**O R D E R**

On September 11, 2020, the court issued an order dismissing this case.  Doc. No. 14.  This case is before the court upon a pleading filed by plaintiff pro se on September 15, 2020.  Doc. No. 16.  The court treats the motion as one to alter or amend judgment under Fed.R.Civ.P. 59(e).  The pleading is difficult to follow.  Among other legal phrases, it refers to "misrepresentation of material facts," "manifest injustice," and "change of venue."

Under Rule 59(e), the Court has discretion to reconsider a final decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.  Hadley v. Hays Medical Center, 2017 WL 748129 *1-2 (D.Kan. 2/27/2017)(citing Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)). Such a motion is appropriate

1

when the Court has misapprehended a party's position, the facts or the controlling law.  In re Syngenta AG MIR 162 Corn Litigation, 2019 WL 2184863 *2 (D.Kan. 5/21/2019)(citing Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000))

Plaintiff's motion does not provide specific facts or arguments to justify altering or amending the judgment in this case.  He does not assert grounds to find that the court misapprehended his position, the facts or the law; that there is new evidence or a change in the law; or that there is a need to correct clear error or prevent manifest injustice.

For these reasons, the motion to alter or amend (Doc. No. 16) shall be denied.

**IT IS SO ORDERED.**

Dated this 18th day of September 2020, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge

2